FILE No.035 04/08 '03 02:09   D:W. BROWN ASSOCIATES   FAX:9.  170716   PAGE   6/ 40

COPY

1   KYRA A. KAZANTZIS (Bar No. 154612)
    JAMES ZAHRADKA (Bar No. 196822)
2   PUBLIC INTEREST LAW FIRM
    KERSTIN ARUSHA (Bar No. 182624)
3   TIFFANY KEAST (Bar No. 217085)
    FAIR HOUSING LAW PROJECT
4   LAW FOUNDATION OF SILICON VALLEY
    111 W. St. John Street, Suite 315
5   San Jose, CA 95113
    Tel: 408-280-2423
6   Fax: 408-293-0106

7   IAN N. FEINBERG (Bar No. 088324)
    AMANDA L. GROVES (Bar No. 187216)
8   DANIELLE VAN WERT (Bar No. 218245)
    GRAY CARY WARE & FREIDENRICH LLP
9   1755 Embarcadero Road
    Palo Alto, CA 94303-3340
10  Tel: 650-833-2000
    Fax: 650-320-7401
11  *Attorneys for Plaintiffs*

12              SUPERIOR COURT, STATE OF CALIFORNIA

13                    COUNTY OF SANTA CLARA

14              CIVIL DIVISION, DOWNTOWN FACILITY

15  LYDIA ADAMS; JOHN AYNES; PATSY        CASE NO.  CV815893
    AYNES; SARAH BAUTISTA; MARIE
16  ANTOINETTE DELGADO; CARESSA           COMPLAINT FOR INJUNCTIVE RELIEF
    DOTSON; MARTHA DUBON; FRED            AND DAMAGES FOR HOUSING
17  GONZALES; SOLEDAD MACIAS,             DISCRIMINATION, HARASSMENT,
    individually and on behalf of her minor   ASSAULT, BATTERY, BREACH OF
18  child MIGUEL MACIAS; JULIA            COVENANT OF QUIET ENJOYMENT,
    MAMEA; SONIA OCHOA CASTRO,            BREACH OF COVENANT OF GOOD FAITH
19  individually and on behalf of her minor   AND FAIR DEALING, BREACH OF
    child FREDDY RAY PEREDEZ; CORNE       WARRANTY OF HABITABILITY,
20  PAREDEZ; LORRIE RIOS; SALVADOR        GENERAL NEGLIGENCE, ILLEGAL AND
    RIOS; AMPARO ROBLES; ANGEL            UNFAIR BUSINESS PRACTICES,
21  SALAZAR; MARIE SANTANA                NUISANCE, ILLEGAL ENTRY, UTILITY
    TORRES; and JENNIFER TURNER; all      DISRUPTION, FAILURE TO MAINTAIN
22  individually and on behalf of the     PREMISES, FAILURE TO MAINTAIN
    GENERAL PUBLIC;                       COMMON FACILITIES, FAILURE TO POST
23                                        OMBUDSMAN SIGN, UNLAWFUL
                                          PROHIBITION OF MOBILE HOME SALE,
24              Plaintiffs,               CONVERSION, INTENTIONAL INFLICTION
                                          OF EMOTIONAL DISTRESS, NEGLIGENT
25       v.                               INFLICTION OF EMOTIONAL DISTRESS,
                                          FAILURE TO RETURN SECURITY
26  LARRY WILSON, BEVERLY WILSON,         DEPOSIT, RETALIATION, ILLEGAL RENT
    both individually and as trustees of the   INCREASES, AND VIOLATION OF RIGHT
27  WILSON TRUST & PT; and DOES 1         TO PRIVACY
    through 25, inclusive;
28
                Defendants.

GRAY CARY WARE      EM7126516.4
& FREIDENRICH LLP   3999050-900120
                                          -1-
                                                                        COMPLAINT

PAGE 04                          IMSU CLAIMS            4809055092   04 17/2003 11:02

FILE No.035 04/08 '03 08:40   .D:W. BROWN ASSOCIATES       FAX:9. 170716          PAGE  7/ 40

1   Plaintiffs LYDIA ADAMS, JOHN AYNES, PATSY AYNES, SARAH BAUTISTA,

2   MARIE ANTOINETTE DELGADO, CARESSA DOTSON, MARTHA DUBON, FRED

3   GONZALES, MIGUEL MACIAS, SOLEDAD MACIAS, JULIA MAMEA, SONIA OCHOA

4   CASTRO, CORINE PAREDEZ, FREDDY RAY PEREDEZ, LORRIE RIOS, SALVADOR

5   RIOS, AMPARO ROBLES, ANGEL SALAZAR, MARIE SANTANA TORRES, AND

6

7   JENNIFER TURNER (collectively, "Plaintiffs") hereby complain and allege as follows against

8   LARRY WILSON, BEVERLY WILSON, AND WILSON TRUST & PT (collectively,

9   "Defendants Wilson") and DOES 1 through 25, inclusive.

10                      <u>**INTRODUCTORY ALLEGATIONS**</u>

11       1.       This is a civil action for injunctive relief and damages due to a persistent course of

12   harassment, assault, civil rights violations, and related violations of law inflicted on Plaintiffs by

13   Defendants, the owners of the mobile home park in which Plaintiffs are or were residents. Many

14   of the Plaintiffs are individuals who are elderly, indigent, disabled, and/or members of ethnic and

15   racial minority groups.

16

17       2.       The unlawful acts perpetrated against Plaintiffs include, but are not limited to, the

18   following: housing discrimination, in violation of the Fair Housing Act, Fair Employment and

19   Housing Act, and Unruh Civil Rights Act; harassment; assault; battery; breach of the covenant of

20   quiet enjoyment; breach of the covenant of good faith and fair dealing; breach of warranty of

21   habitability; general negligence; illegal and unfair business practices; nuisance; illegal entry;

22   utility disruption; failure to maintain premises and common facilities; failure to post ombudsman

23   sign; conversion; intentional and negligent infliction of emotional distress; failure to return

24   security deposit; retaliation; illegal rent increases; and violations of the constitutional right to

25   privacy.

26

27       3.       Plaintiffs seek by this action to enjoin further harassment and other illegal actions

28

GRAY CARY WARE       EM\7126516.4
& FREIDENRICH LLP      9999050-900129

-2-

COMPLAINT

by Defendants.  Plaintiffs also seek damages for the deplorable conditions to which Defendants have subjected and continue to subject them.

## PARTIES

4.    Plaintiff LYDIA ADAMS is a resident of the State of California, and at all times herein alleged was a resident of the County of Santa Clara, City of San Jose.  She brings suit on behalf of herself and the General Public.

5.    Plaintiff JOHN AYNES is a resident of the State of California, and at all times herein alleged was a resident of the County of Santa Clara, City of San Jose.  He brings suit on behalf of himself and the General Public.

6.    Plaintiff PATSY AYNES is a resident of the State of California, and at all times herein alleged was a resident of the County of Santa Clara, City of San Jose.  She brings suit on behalf of herself and the General Public.

7.    Plaintiff SARAH BAUTISTA is a resident of the State of California, and at all times herein alleged was a resident of the County of Santa Clara, City of San Jose.  She brings suit on behalf of herself and the General Public.

8.    Plaintiff MARIE ANTOINETTE DELGADO is a resident of the State of California, and at all times herein alleged was a resident of the County of Santa Clara, City of San Jose.  She brings suit on behalf of herself and the General Public.

9.    Plaintiff CARESSA DOTSON is a resident of the State of California, and at all times herein alleged was a resident of the County of Santa Clara, City of San Jose.  She brings suit on behalf of herself and the General Public.

10.    Plaintiff MARTHA DUBON is a resident of the State of California, and at all times herein alleged was a resident of the County of Santa Clara, City of San Jose.  She brings suit on behalf of herself and the General Public.

11.     Plaintiff FRED GONZALES is a resident of the State of California, and at all times herein alleged was a resident of the County of Santa Clara, City of San Jose. He brings suit on behalf of himself and the General Public.

12.     Plaintiff MIGUEL MACIAS is a minor child and a resident of the State of California, and at all times herein alleged was a resident of the County of Santa Clara, City of San Jose.

13.     Plaintiff SOLEDAD MACIAS is a resident of the State of California, and at all times herein alleged was a resident of the County of Santa Clara, City of San Jose. She brings suit on behalf of herself, her minor child MIGUEL MACIAS, and the General Public.

14.     Plaintiff JULIA MAMEA is a resident of the State of California, and at all times herein alleged was a resident of the County of Santa Clara, City of San Jose. She brings suit on behalf of herself and the General Public.

15.     Plaintiff SONIA OCHOA CASTRO is a resident of the State of California, and at all times herein alleged was a resident of the County of Santa Clara, City of San Jose. She brings suit on behalf of herself, her minor child FREDDY RAY PEREDEZ, and the General Public.

16.     Plaintiff CORINE PAREDEZ is a resident of the State of California, and at all times herein alleged was a resident of the County of Santa Clara, City of San Jose. She brings suit on behalf of herself and the General Public.

17.     Plaintiff FREDDY RAY PEREDEZ is a minor child and is a resident of the State of California, and at all times herein alleged was a resident of the County of Santa Clara, City of San Jose.

18.     Plaintiff LORRIE RIOS is a resident of the State of California, and at all times herein alleged was a resident of the County of Santa Clara, City of San Jose. She brings suit on behalf of herself and the General Public.

GRAY CARY WARE
& FREIDENRICH LLP

EM\7126515.4
9990050-900129

COMPLAINT

19.    Plaintiff SALVADOR RIOS is a resident of the State of California, and at all times herein alleged was a resident of the County of Santa Clara, City of San Jose. He brings suit on behalf of himself and the General Public.

20.    Plaintiff AMPARO ROBLES is a resident of the State of California, and at all times herein alleged was a resident of the County of Santa Clara, City of San Jose. She brings suit on behalf of herself and the General Public.

21.    Plaintiff ANGEL SALAZAR is a resident of the State of California, and at all times herein alleged was a resident of the County of Santa Clara, City of San Jose. He brings suit on behalf of himself and the General Public.

22.    Plaintiff MARIE SANTANA TORRES is a resident of the State of California, and at all times herein alleged was a resident of the County of Santa Clara, City of San Jose. She brings suit on behalf of herself and the General Public.

23.    Plaintiff JENNIFER TURNER is a resident of the State of California, and at all times herein alleged was a resident of the County of Santa Clara, City of San Jose. She brings suit on behalf of herself and the General Public.

24.    Plaintiffs are or were at all times relevant herein residents of Hillview Mobile Home Park located in San Jose, California.

25.    Plaintiffs are informed and believe that Defendants LARRY WILSON AND BEVERLY WILSON ("Defendants Wilson") are individuals residing in the County of Santa Clara. Defendants Wilson, doing business as Hillview Mobile Home Park, own and operate the Hillview Mobile Home Park located at 241 South Jackson Avenue in the City of San Jose, County of Santa Clara.

26.    Plaintiffs are informed and believe that Defendant Wilson Trust & PT is a trust for Defendants Wilson which has an unknown ownership interest in Hillview Mobile Home Park.

-5-

27.    Plaintiffs are informed and believe and thereon allege that, at all times mentioned herein, each and every defendant was the agent, servant, employee and/or representative of each and every other defendant, and was, in doing the things complained of herein, acting within the scope of said agency, service, employment and/or representation, with the advance knowledge, acquiescence or subsequent ratification of each and every remaining defendant, and that each and every defendant herein is jointly and severally responsible and liable to Plaintiffs for the damages herein alleged.

28.    Plaintiffs do not know the true names and capacities of the fictitiously named defendants sued herein as DOES 1 through 25, inclusive, and on that basis sue them by their fictitious names.  When Plaintiffs ascertain the true names and capacities of the DOE defendants, Plaintiffs will amend this complaint accordingly, after obtaining leave of Court if necessary. Plaintiffs are informed and believe that each fictitiously named defendant is responsible in some manner for the acts and conduct alleged herein and that such defendants proximately caused Plaintiffs' damages as herein alleged.  (Defendants Wilson and DOES 1 through 25, inclusive, are hereafter referred to as "Defendants").

29.    All of the acts and events alleged herein occured in the City of San Jose, County of Santa Clara.

## FACTUAL BACKGROUND

30.    Plaintiffs are current and former residents of the Hillview Mobile Home Park located at 241 South Jackson Avenue in San Jose ("Hillview"), and each has or had a residential written lease agreement at Hillview.  While some Plaintiffs rent both their mobile homes and their lot space from Defendants Wilson, other Plaintiffs rent only lot space and own their mobile homes.  In a course of conduct spanning many years, Defendant Larry Wilson has subjected Hillview residents and their guests, including Plaintiffs, to repeated harassment, including

1  harassment based on the residents' race, color, national origin, and sex.  Defendants Wilson have

2  also put their residents' health and safety at risk by chronically failing to properly maintain the

3  Hillview property, as evinced by, without limitation, the facts below and a criminal complaint

4  filed against Defendant Larry Wilson predicated on citations from the state Department of

5  Housing and Community Development.  Defendant Larry Wilson also has assaulted and battered

6  his residents and their children, stolen and destroyed his residents' personal property and mail,

7  and entered their units without permission or proper notice.

8

9       31.     In short, Defendants Wilson have made living at Hillview unbearable for many

10  residents.  Several of the residents have even suffered adverse health effects from the

11  maltreatment that Defendant Larry Wilson has meted out.  The level of fear at the park is such

12  that when Defendant Larry Wilson is on the property, many residents hide in their mobile homes

13  to avoid contact with him.  Further, many residents—including several of the Plaintiffs—have

14  been forced to leave their homes and move from Hillview, unable to tolerate the abuse they have

15  suffered at Defendant Larry Wilson's hands.

16

17       32.     The offensive and unlawful acts that Defendants have inflicted on countless

18  residents over the course of several years are too numerous to set forth in this Complaint, but will

19  be proven at trial by Plaintiffs.  As follows are examples and ultimate facts supporting causes of

20  action against Defendants:

21

22  *Discrimination Based on Race, Color, and National Origin*

23       33.     Defendant Larry Wilson commented to Plaintiff Corine Paredez, a woman who is

24  Mexican-American, that "All fucking Mexicans are so stupid. They will water the cement if you

25  let them."  Defendant Larry Wilson further stated, "All Mexicans look like they live under

26  bridges," and, "All Mexicans are dirty."

27       34.     Defendant Larry Wilson stated to Plaintiff Jennifer Turner, an African-American,

28

-7-

1    "You niggers should have been out of there by now."

2        35.    Defendant *Larry Wilson* has made negative and prejudicial comments regarding

3    the race, color, and/or national origin of Plaintiffs Marie Antoinette Delgado, Caressa Dotson,

4    Martha Dubon, Fred Gonzales, Sonia Ochoa Castro, Corine Paredez, Lorrie Rios, Salvador Rios,

5    Amparo Robles, Angel Salazar, and Jennifer Turner, supporting a cause of action for

6    discrimination based on race, color, and/or national origin.

7

8    *Discrimination Based on Sex*

9        36.    Defendant Larry Wilson said to Plaintiff Marie Antoinette Delgado, "I bet you had

10   really big tits when you were in high school," or words to that effect.

11       37.    Defendant Larry Wilson made inappropriate sexual comments and/or behaved in a

12   sexually inappropriate manner towards Plaintiffs Marie Antoinette Delgado, Caressa Dotson,

13   Sonia Ochoa Castro, Corine Paredez, and Jennifer Turner, supporting a cause of action for sexual

14   harassment.

15

16   *Discrimination Based on Disability*

17       38.    In or around early 2002, Plaintiff Martha DuBon's daughter Plaintiff Corine

18   Paredez complained to the Housing Authority regarding problems she was having with her unit's

19   electricity.  Immediately thereafter, Defendant Larry Wilson approached Ms DuBon and told her

20   that Ms Paredez "could die tomorrow and I couldn't care less," referring to Ms DuBon's

21   daughter's terminal illness, in violation of laws prohibiting discrimination based on disability.

22

23   *Assault*

24       39.    Defendant Larry Wilson berated Plaintiff Lydia Adams by calling her a series of

25   vulgar names including, but not limited to, "whore," "bitch," and "sack of shit." Mr. Wilson then

26   began waving a broom at Ms Adams in threatening manner.  Fearing that Mr. Wilson would

27   strike her, Ms Adams phoned the police.

28

GRAY CARY WARE    EM7126814.4
& FREIDENRICH LLP  9999050-900129                                          COMPLAINT

40.     Defendant Larry Wilson banged on the side of Plaintiff Soledad Macias' unit with a hammer. Mr. Wilson then proceeded to call Ms Macias, who was then pregnant, a "bitch" and stated that she and her family "brought trash around."

41.     Defendant Larry Wilson caused Plaintiffs Caressa Dotson, Fred Gonzales, Miguel Macias, Sonia Ochoa Castro, Corine Paredez, Freddy Ray Peredez, Lorrie Rios, Salvador Rios, and Jennifer Turner to fear imminent harmful physical contact from him, supporting a cause of action for assault.

*Battery*

42.     In or around 1997, Defendant Larry Wilson grabbed Plaintiff Soledad Macias' then 10-year-old son Miguel Macias and threw him to the ground as he rode past Defendant Larry Wilson on his bicycle.

43.     Defendant Larry Wilson approached Plaintiff Jennifer Turner in the Hillview laundry room. Defendant Larry Wilson leaned up against Plaintiff Turner and commented on her physical appearance.

44.     Defendant Larry Wilson caused harmful or offensive contact with Plaintiffs Fred Gonzalez, Miguel Macias, Sonia Ochoa Castro, Corine Paredez, Freddy Ray Peredez, and Jennifer Turner without their consent, supporting a cause of action for battery.

*Harassment*

45.     Defendant Larry Wilson called Plaintiff Lydia Adams numerous offensive names during an argument, including "whore," "bitch," and "sack of shit."

46.     Defendant Larry Wilson made numerous insulting comments to Plaintiff Caressa Dotson, including, "When are you going to get a job?" and, "You people will never amount to anything."

47.     Defendant Larry Wilson told Plaintiff Martha DuBon, "You are stupid, you need a

-9-

FILE No.035 04/08 '03 08:43    ID:W. BROWN ASSOCIATES    FAX:9.  170716    PAGE  15/ 40

1   brain transplant.  They're taking the brains of one monkey and putting it in another.  You should

2   look into that."

3

4       48.    Defendant Larry Wilson made statements and engaged in other activities that

5   caused Plaintiffs Lydia Adams, John Aynes, Patsy Aynes, Sarah Bautista, Marie Antoinette

6   Delgado, Caressa Dotson, Martha DuBon, Fred Gonzales, Soledad Macias, Sonia Ochoa Castro,

7   Corine Paredez, Lorrie Rios, Salvador Rios, Amparo Robles, Angel Salazar, and Jennifer Turner

8   serious alarm, annoyance, and harassment, with no legitimate purpose, supporting a cause of

9   action for harassment.

10

11      *Damage or Destruction to or Conversion of Property*

12      49.    Defendant Larry Wilson arrived at Plaintiff Marie Antoinette Delgado's residence

13  prior to a scheduled maintenance appointment.  When Plaintiff Delgado failed to answer the door,

14  Defendant Larry Wilson broke into Plaintiff Delgado's home through the back door, causing

15  damage to Ms. Delgado's property.  Defendant Wilson did not pay for damages he caused to

16  Plaintiff Delgado's property.

17      50.    Without permission or authority, Defendant Larry Wilson disposed of Plaintiff

18  Corine Paredez's possessions, including appliances, clothing, infant supplies, and personal

19  paperwork such as birth certificates and Social Security cards.

20

21      51.    On numerous occasions, Hillview residents requested that Defendants Wilson trim

22  trees at Hillview but Defendants refused.  On or about December 14, 2002, two large branches

23  from a tree located next to Plaintiff Lorrie Rios' mobile home fell onto the home and her nearby

24  automobile, causing irreparable damage to the automobile and damage to her unit.  When

25  informed of the damage and the danger of the remaining portions of the tree, Defendants Wilson

26  again failed to respond to Plaintiff Rios' request for maintenance.

27

28      52.    On or about February 2002, Defendant Larry Wilson opened and destroyed United

GRAY CARY WARE
& FREIDENRICH LLP

EM\7126516.4
9099050\900129

-10-

COMPLAINT

1  States mail addressed to Plaintiffs Lorrie Rios and Salvador Rios without permission.

2      53.    Defendant Larry Wilson destroyed or converted the property of Plaintiffs Lydia

3  Adams, Caressa Dotson, Soledad Macias, Sonia Ochoa Castro, Corine Paredez, Lorrie Rios,

4  Salvador Rios, Maria Santana Torres, and Jennifer Turner, supporting a cause of action for

5

6  conversion.

7      *Retaliation*

8      54.    In or about January 2001, and again in or around April 2001, Defendant Larry

9  Wilson informed Plaintiffs John and Patsy Aynes that the skirting of their mobile home needed to

10  be repaired.  When Mr. Aynes approached Defendant Wilson to obtain his permission to obtain a

11  repair grant from the City of San Jose, Wilson refused, stating that Mr. Aynes was to "blame" for

12  all of Wilson's problems, including the "trouble with all of the inspections that he is having to go

13  through," or words to that effect.

14

15      55.    In or about summer of 2002, Defendant Larry Wilson harassed, physically injured,

16  and illegally evicted Plaintiff Corine Paredez for complaining to the Santa Clara County Housing

17  Authority that her mobile home did not have electricity.

18      56.    Defendant Larry Wilson denied services, harassed, injured, and/or or evicted

19  Plaintiffs John Aynes, Patsy Aynes, Corine Paredez, Amparo Robles, and Maria Santana-Torres

20  in retaliation for exercising their rights to complain, supporting a cause of action for retaliation.

21

22      *Illegal Rent Increases*

23      57.    In or about August 2001 and then again in February 2002, Defendant Larry Wilson

24  sent letters to Hillview mobile home owners stating that he was planning to sell the park, offering

25  the owners five-year space leases that he claimed would "protect" them from the "large rent

26  increases" that the new owner would impose.

27

28      58.    In the first letter, the new lease offered by Defendant Wilson included 7 percent

-11-

1   annual rent increases, exceeding the 4.4 percent cap set forth in the City's Mobilehome Rent

2   Ordinance.

3          59.    The second letter encouraged owners to sign a five-year space lease that would

4   have provided for a 4.4 percent rent increase in 2002 and four 7 percent rent increases in the

5   following years, again exceeding the 4.4 percent cap set forth in the City's Mobilehome Rent

6   Ordinance.

7          60.    In neither letter did Defendant Wilson accompany this offer of the long-term lease

8   with an offer of a comparable short-term lease.

9          61.    Defendant Larry Wilson sent these letters to Plaintiffs Lydia Adams, John Aynes,

10  Patsy Aynes, Sarah Bautista, Lorrie Rios, Salvador Rios, and Amparo Robles, supporting a cause

11  of action for illegal rent increases.

12  *Failure to Maintain Premises*

13         62.    Throughout her tenancy at Hillview, Plaintiff Caressa Dotson's walls contained

14  gaps and holes that allowed cold air and water to seep into her home.  This problem, which went

15  unrepaired by Defendants Wilson, caused constant dampness to the carpeting in Plaintiff

16  Dotson's premises and the occurrence of a foul odor as a result of such dampness.

17         63.    Throughout Plaintiff Martha Dubon's tenancy at Hillview, the electricity in half of

18  her living room did not function properly.  Despite being informed of this defect, Defendants

19  Wilson never repaired this problem.

20         64.    Since early October 2002, a pronounced smell of sewage has come from Plaintiff

21  Julia Mamea's kitchen sink.  The smell is intolerable, leaving Plaintiff Mamea unable to utilize

22  her kitchen for cooking.  Despite being informed of this problem, Defendants Wilson have taken

23  no action to correct it.

24         65.    Defendants Wilson have failed and continue to fail to properly maintain Hillview's

-12-

1  trash dumpster, which is located only several feet from the mobile home of Plaintiffs John Aynes

2  and Patsy Aynes. The dumpster is not cleaned or exchanged out on a regular basis, and thus

3  emits a foul odor. Further, Defendant Larry Wilson uses the dumpster for rubbish that originates

4  from outside Hillview, causing the dumpster to overflow on a regular basis.

5

6      66.    Numerous threats to residents' health and safety were described in inspection

7  reports issued by the State of California Department of Housing and Community Development.

8  Over the course of six inspections which occurred from January to December 2001, inspectors

9  from the Department found Defendant Larry Wilson in violation of provisions of the Health and

10  Safety Code and its implementing regulations, including exposed and poorly located electrical

11  parts, accumulated pools of water, overflowing of sewage including fecal matter, fire hazards,

12  inoperative street lights, exposed plant roots causing a tripping hazard, and improperly connected

13  gas piping. Many of these violations are the subject of a pending criminal matter against

14  Defendant Larry Wilson because of his consistent failure to correct the violations. None of these

15  substandard conditions were caused by the acts or omissions of the Plaintiffs, or anyone acting

16  under Plaintiffs' control.

17

18     67.    In 2001, Defendants Wilson installed speed bumps on the Hillview driveways that

19  are too high. As a result, emergency vehicles are not able to properly access the park, putting

20  residents' health and safety at risk. In a memorandum dated July 18, 2001, the San Jose Fire

21  Department determined that the speed bumps "constitute a fire hazard as well as hinders [sic]

22  emergency apparatus." Further, Valley Transportation Authority paratransit drivers refused to

23  drive over the speed bumps, forcing disabled residents to walk considerable distances to access

24  this transportation.

25

26     68.    Defendants Wilson regularly fail to properly dispose of fallen or trimmed leaves,

27  branches, and other debris on the property. This failure has created fire hazards and other threats

28

-13-

GRAY CARY WARE    EM7126518.4                                            COMPLAINT
& PREIDENAICH LLP  9999050-900129

1    to the health and safety of residents.

2        69.    Defendants Wilson have, on various occasions during the time period relevant to

3    this complaint, shut off utility service to Hillview for prolonged periods of time without proper

4    notice to residents, causing a threat to the health and safety of residents.

5

6        70.    Plaintiffs Lydia Adams, John Aynes, Patsy Aynes, Sarah Bautista, Marie

7    Antoinette Delgado, Caressa Dotson, Martha Dubon, Fred Gonzales, Soledad Macias, Julia

8    Mamea, Sonia Ochoa Castro, Corine Paredez, Lorrie Rios, Salvador Rios, Amparo Robles, Angel

9    Salazar, Marie Santana Torres, and Jennifer Turner are and were the intended beneficiaries of the

10   laws requiring Defendants Wilson to maintain the Hillview Mobile Home Park in a safe and

11   healthful condition.

12

13   *Illegal Non-Return of Security Deposit*

14       71.    Defendants Wilson failed to return between $600 and $800 of Plaintiff Corine

15   Paredez's security deposit in or around the summer of 2002 even though the mobile home that Ms

16   Paredez rented from Defendants had no damage upon her departure other than normal wear and

17   tear.

18

19       72.    Defendants Wilson failed to return approximately $800 of Plaintiff Marie Santana

20   Torres' security deposit in or around 2000 even though the mobile home that Ms Santana Torres

21   rented from Defendants had no damage upon her departure other than normal wear and tear.

22   *Invasion of Privacy/Illegal Entry*

23       73.    Defendants Wilson prohibited Corine Paredez from having guests at her mobile

24   home by threatening her with eviction.  As a result, the nurses who assisted her with her health

25   care stopped coming to her house and she was forced to stop taking medication, worsening her

26   condition.

27

28       74.    Defendant Larry Wilson pounded the wall of Plaintiff Lydia Adams' mobile home,

-14-

1    yelling, "Get that asshole out of here," referring to a guest of Ms Adams.

2        75.    Defendant Larry Wilson opened, read, and discarded Plaintiffs Lorrie and

3    Salvador Rios's United States mail without their permission.

4        76. .  Defendant Wilson has entered the mobile homes of Plaintiffs Lydia Adams,

5    Caressa Dotson, Marie Antoinette Delgado, Martha DuBon, Fred Gonzales, Corine Paredez,

6

7    Lorrie Rios, Salvador Rios, and Jennifer Turner without permission or otherwise invaded their

8    privacy, supporting causes of actions for violating their rights to privacy.

9                                    **INJURIES**

10        77.    Defendants' illegal actions caused Plaintiffs to suffer severe emotional distress,

11   including depression, anxiety, nervousness, loss of self-esteem, as well as physical symptoms.

12        78.    Plaintiffs Freddy Ray Peredez and Miguel Macias suffered physical injuries as a

13   result of batteries by Defendant Larry Wilson.

14

15        79.    Defendants have engaged in a pattern or practice of discrimination in the operation

16   of Hillview. This pattern and practice includes harassing individuals based on their race, color,

17   national origin, sex, and disability.  Defendants continue to engage in such a pattern or practice of

18   discrimination so as to constitute a continuing violation.

19        80.    By reason of Defendants' unlawful acts and practices, Plaintiffs have suffered

20   humiliation, mental anguish, and emotional distress, and the attendant physical injuries and

21   conditions, as well as violation of their civil rights, loss of their property, and loss of their

22   housing. Accordingly, Plaintiffs are entitled to compensatory damages.

23

24        81.    Defendants acted intentionally, maliciously, wantonly, recklessly, and in bad faith

25   as described herein  Accordingly, Plaintiffs are entitled to punitive damages.

26        82.    Unless enjoined, Defendants will continue to engage in the unlawful acts and

27   discrimination alleged herein. Plaintiffs have no adequate remedy at law. Plaintiffs are now

28                                      -15-

FILE No.035 04/08 '03 08:45   .D:W. BROWN ASSOCIATES   FAX:9.  170716   PAGE  21/ 40

8    83.    Plaintiffs incorporate by reference each allegation contained above in paragraphs 1

9    through 82, as if fully set forth herein.

10   84.    Defendants injured Plaintiffs in violation of the Fair Housing Amendments Act by

11   committing the following discriminatory housing practices:

12         A.    Discriminating or otherwise making unavailable and denying a dwelling

13   because of race, color, national origin, and sex in violation of 42 U.S.C. section 3604(a);

14

15         B.    Discriminating in the terms, conditions, or privileges of the rental of a

16   dwelling because of race, color, national origin, and sex, in violation of 42 U.S.C section

17   3604(b);

18         C.    Making statements with respect to the rental of a dwelling that indicated a

19   preference, limitation, or discrimination based on race, color, national origin, and sex, in violation

20   of 42 U.S.C. section 3604(c); and

21

22         D.    Coercing, intimidating, threatening or interfering with any person in the

23   exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his

24   having aided or encouraged any other person in the exercise or enjoyment of rights guaranteed by

25   the Fair Housing Act, in violation of 42 U.S.C. section 3617.

26   85.    As a proximate cause of Defendants' conduct, Plaintiffs have been damaged, as set

27   forth above.

28                                                -16-

GRAY CARY WARE    BM\7126516.4
& FREIDENRICH LLP  9999050-000129                                          COMPLAINT

## SECOND CAUSE OF ACTION
### Violation of the California Fair Employment and Housing Act
### Cal. Gov. Code § 12955 et seq.
### (By Plaintiffs Lydia Adams, John Aynes, Patsy Aynes,
### Marie Antoinette Delgado, Caressa Dotson, Martha DuBon, Fred Gonzales,
### Soledad Macias, Sonia Ochoa Castro, Corine Paredez, Lorrie Rios, Salvador Rios, Amparo
### Robles, Angel Salazar, and Jennifer Turner Against All Defendants)

86.    Plaintiffs incorporate by reference each allegation contained above in paragraphs 1 through 82, as if fully set forth herein.

87.    Defendants have injured Plaintiffs in violation of the California Fair Employment and Housing Act by:

A.    Discriminating or otherwise making unavailable dwellings because of race, color, sex, national origin, ancestry, and disability, in violation of Government Code sections 12955(a), 12955(k);

B.    Discriminating in the terms, conditions, and privileges of the rental of a dwelling because of race, color, sex, national origin, ancestry, and disability, in violation of Government Code sections 12927(c), 12955(a);

C.    Making statements indicating a preference, limitation, and discrimination based on race, color, sex, national origin, ancestry, and disability, in violation of Government Code section 12955(c); and

D.    Harassing, evicting, and discriminating against Plaintiffs in retaliation for Plaintiffs' opposing Defendants' unlawful practices or for aiding or encouraging the opposition of such practices, in violation of Government Code section 12955(f).

88.    As a proximate result of Defendants' conduct, Plaintiffs have been damaged as set forth above.  Plaintiffs have suffered and continues to suffer damages, as alleged above.

///

///

-17-

### THIRD CAUSE OF ACTION
Violation of Unruh Civil Rights Act
Cal. Civ. Code § 51
(By Plaintiffs Lydia Adams, John Aynes, Patsy Aynes,
Marie Antoinette Delgado, Caressa Dotson, Martha DuBon, Fred Gonzales,
Soledad Macias, Sonia Ochoa Castro, Corine Paredez, Lorrie Rios, Salvador Rios, Amparo
Robles, Angel Salazar, and Jennifer Turner Against All Defendants)

89.   Plaintiffs incorporate by reference each allegation contained above in paragraphs 1 through 82, as if fully set forth herein.

90.   Civil Code section 51 provides that all persons are entitled to full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever.

91.   Defendants denied Plaintiffs their right to equal accommodations without regard to sex and race as guaranteed by the Unruh Civil Rights Act and California Civil Code sections 51 and 52.  Defendants denied Plaintiffs the right to equal accommodation because of their gender and race, thus leaving them in an unequal situation with no quiet enjoyment or safety in their homes, and in a situation where they were harassed.

92.   Defendants intentionally and/or negligently failed to comply with the duty created by the Unruh Act to treat all renters equally, without regard to gender or race.

93.   In addition to compensatory damages, Plaintiffs are entitled to statutory damages under Civil Code section 52 of up to three times the amount of actual damages.

94.   Defendants did the acts alleged herein maliciously, fraudulently, and oppressively, and/or with the wrongful intention of injuring Plaintiffs, and/or with an improper and evil motive amounting to malice.  Plaintiffs are thus entitled to recover punitive damages from Defendants in an amount according to proof.

95.   As a proximate and legal result of Defendants' conduct, Plaintiffs have suffered damages as alleged herein in an amount according to proof.

-18-

## FOURTH CAUSE OF ACTION
### Harassment
(By Plaintiffs Lydia Adams, John Aynes, Patsy Aynes, Sarah Bautista, Marie Antoinette Delgado, Caressa Dotson, Martha DuBon, Fred Gonzales, Soledad Macias, Sonia Ochoa Castro, Corine Paredez, Lorrie Rios, Salvador Rios, Amparo Robles, Angel Salazar, and Jennifer Turner Against Defendant Larry Wilson)

96.     Plaintiffs incorporate by reference each allegation contained above in paragraphs 1 through 82, as if fully set forth herein.

97.     Defendant Larry Wilson engaged in acts directed at Plaintiffs that seriously alarmed, annoyed, and harassed Plaintiffs and which served no legitimate purpose.

98.     Defendant Larry Wilson's course of conduct would have caused any reasonable person to suffer substantial emotional distress.

99.     Plaintiffs have suffered and continue to suffer substantial emotional distress because of Defendant Larry Wilson's actions as set forth above.

100.    Defendant Larry Wilson did the acts alleged herein maliciously, fraudulently, and oppressively, and/or with the wrongful intention of injuring Plaintiffs, and/or with an improper and evil motive amounting to malice.  Plaintiffs are thus entitled to recover punitive damages from Defendant Larry Wilson in an amount according to proof.

## FIFTH CAUSE OF ACTION
### Assault
(By Plaintiffs Lydia Adams, Caressa Dotson, Fred Gonzales, Miguel Macias, Soledad Macias, Sonia Ochoa Castro, Freddy Ray Peredez, Lorrie Rios, Salvador Rios, and Jennifer Turner Against Defendant Larry Wilson)

101.    Plaintiffs incorporate by reference each allegation contained above in paragraphs 1 through 82, as if fully set forth herein.

102.    Defendant Larry Wilson acted such that he caused Plaintiffs to suffer an apprehension and fear of imminently offensive and/or harmful physical contacts that would be intentionally perpetrated upon them.

103.    As a result of Defendant Larry Wilson's assaults, Plaintiffs have suffered mental

-19-

GRAY CARY WARE
& FREIDENRICH LLP

EM\7126516.4
9999050-900129

COMPLAINT

distress and humiliation, and other injuries as alleged above.

104.    Defendant Larry Wilson did the acts alleged herein maliciously, fraudulently, and oppressively, and/or with the wrongful intention of injuring Plaintiffs, and/or with an improper and evil motive amounting to malice. Plaintiffs are thus entitled to recover punitive damages from Defendant Larry Wilson in an amount according to proof.

**SIXTH CAUSE OF ACTION**
Battery
(By Plaintiffs Fred Gonzales, Miguel Masias,
Corine Paredez, Freddy Ray Peredez, and
Jennifer Turner Against Defendant Larry Wilson)

105.    Plaintiffs incorporate by reference each allegation contained above in paragraphs 1 through 82, as if fully set forth herein.

106.    Defendant Larry Wilson struck or had harmful or offensive contact with Plaintiffs.

107.    In striking and causing other harmful or offensive contact with Plaintiffs' persons, Defendant Larry Wilson acted with the intent to cause harmful or offensive contact with Plaintiffs' person.

108.    As a proximate result of Defendant Larry Wilson's actions in striking, and causing other harmful or offensive contact with Plaintiffs' persons, Plaintiffs were hurt and have been damaged in an amount subject to proof at trial.

109.    Defendant Larry Wilson did the acts alleged herein maliciously, fraudulently, and oppressively, and/or with the wrongful intention of injuring Plaintiffs, and/or with an improper and evil motive amounting to malice. Plaintiffs are thus entitled to recover punitive damages from Defendant Larry Wilson in an amount according to proof.

///
///
///

-20-

GRAY CARY WARE
& FREIDENRICH LLP

EM\7126918.4
9999050.900129

COMPLAINT

## SEVENTH CAUSE OF ACTION
### Breach of Covenant of Quiet Enjoyment
(By Plaintiffs Marie Antoinette Delgado, Caressa Dotson, Martha DuBon, Fred Gonzales, Sonia Ochoa Castro, Corine Paredez, and Marie Santana Torres All Defendants)

110.   Plaintiffs incorporate by reference each allegation contained above in paragraphs 1 through 82, as if fully set forth herein.

111.   California Civil Code section 1927 provides that there is an implied warranty of quiet enjoyment in residential leases.

112.   By maintaining a leased dwelling as described above, and by subjecting Plaintiff to, among other actions, threats of unlawful eviction and harassment, Defendants breached that duty.

113.   Defendants knew or should have known that Plaintiffs would suffer anxiety or hardship as a result of Defendants' breach of duty.

114.   As a proximate and legal result of Defendants' breach of quiet enjoyment, Plaintiffs have suffered damages as alleged herein and are entitled to damages in an amount according to proof.

## EIGHTH CAUSE OF ACTION
### Breach of Covenant of Good Faith and Fair Dealing
(By All Plaintiffs Against All Defendants)

115.   Plaintiffs incorporate by reference each allegation contained above in paragraphs 1 through 82, as if fully set forth herein.

116.   Plaintiffs allege that their respective lease agreements with Defendants referenced above are subject to implied covenants of good faith and fair dealing with which Defendants are obligated to comply.

117.   Defendants have breached these covenants by actions which include, but are not limited to: intimidating, threatening and acting in bad faith towards Plaintiffs; acting offensively, unfairly and in a manner harmful to Plaintiffs; failing to properly maintain a safe living

-21-

GRAY CARY WARE
& FREIDENRICH LLP

SM71245164
9999050-900129

COMPLAINT

1    environment for Plaintiffs; and failing to comply with legal duties and obligations imposed by

2    State statutes and other applicable laws, and persisting in violations as set forth above.

3        118.    As a proximate result of Defendants' breach of their duties and obligations

4    pursuant to covenants of good faith and fair dealing, Plaintiffs have been damaged in an amount

5    according to proof at trial.

6

7                              NINTH CAUSE OF ACTION
                              Breach of Warranty of Habitability
8                        (By All Plaintiffs Against All Defendants)

9        119.    Plaintiffs incorporate by reference each allegation contained above in paragraphs 1

10   through 82, as if fully set forth herein.

11       120.    The written leases between Plaintiffs and Defendants provided for the payment of

12   rent by Plaintiffs for the use of Hillview's premises.  Plaintiffs were to use the premises for

13   residential purposes.  In so leasing the premises, Defendants impliedly warranted that the

14   premises were habitable and fit for residential use.

15

16       121.    At the time the lease agreements were entered into and throughout the time

17   Plaintiffs occupied the premises, Defendants knowingly caused and permitted hazardous and

18   unhealthy conditions to exist throughout the premises.

19       122.    Defendants at all times herein mentioned knew or should have known that the

20   aforementioned conditions existed in violation of numerous provisions of state and local law.

21

22       123.    Because of the aforementioned conditions, the premises leased by Plaintiffs were

23   unsafe and/or unhealthy.  In causing and permitting and in failing and refusing to repair the

24   aforementioned conditions, Defendants breached the warranty of habitability.  By virtue of such

25   breach of warranty, and as a consequence of the condition of the premises, the fair rental value of

26   the premises at all times herein mentioned was less than the actual amounts paid by Plaintiffs.

27       124.    As a result of Defendants' breach of the warranty of habitability, Plaintiffs have

28

-22-

GRAY CARY WARE    EMK7126910.4
& FREIDENRICH LLP    9999050-900129

COMPLAINT

1  suffered damages in an amount according to proof.

2  ## TENTH CAUSE OF ACTION
3  ### General Negligence
   ### (By All Plaintiffs Against All Defendants)

4  125.   Plaintiffs incorporate by reference each allegation contained above in paragraphs 1
5  through 82, as if fully set forth herein.

6  126.   Defendants had statutory, common law, and/or contractual duties to maintain the
7  premises in a safe and habitable condition and to not interfere with the civil rights of Plaintiffs.

8  127.   Defendants' actions as set forth above breached those duties.

9  128.   As a proximate result of the negligence of Defendants, and each of them, Plaintiffs
10  were injured in an amount according to proof.

11  ## ELEVENTH CAUSE OF ACTION
12  ### Unfair Business Practices
   ### Business and Professions Code section 17200
13  ### (By All Plaintiffs Against All Defendants)

14  129.   Plaintiffs incorporate herein by reference the allegations contained above in
15  paragraphs 1 through 82, as if fully set forth herein.

16  
17  130.   The acts, omissions, and violations of Defendants as alleged above constituted and
18  continue to constitute an unlawful, fraudulent, and/or unfair business act or practice in violation
19  of Business & Professions Code section 17200 et seq.

20  131.   Additionally, Defendants' destruction of mail, in violation of 18 U.S.C. section
21  1703 and 1705, among other provisions, constituted an unlawful, fraudulent, and/or unfair
22  business act or practice in violation of Business & Professions Code section 17200 et seq.

23  132.   As a direct and proximate result of Defendants' unlawful, fraudulent, and/or unfair
24  business acts and practices, Plaintiffs have been significantly harmed, while Defendants have
25  been unjustly enriched and reaped unlawful gains and profits from the exploitation of Plaintiffs.
26  
27  Defendants are liable to each Plaintiff to make restitution for such acts and practices.

28  133.   Plaintiffs are also entitled to a permanent injunction enjoining Defendants from

-23-

1 continuing to commit any unlawful and/or unfair acts and/or practices, including, but not limited

2 to, the following: interfering with the right to quiet enjoyment of the leased property; and failing

3 to maintain the premises in compliance with all applicable laws, regulations, codes and

4 ordinances, including, but not limited to, failing to provide all affirmative standard characteristics

5 of tenantable dwellings set forth in Civil Code section 1941.1(a) through (h), inclusive.

6

### TWELFTH CAUSE OF ACTION
### Nuisance
7 ### (By All Plaintiffs Against All Defendants)

8

9    134.    Plaintiffs incorporate by reference each allegation contained above in paragraphs 1

10 through 82, as if fully set forth herein.

11

12    135.    The conditions maintained by Defendants at Hillview constitute a nuisance under

13 California Civil Code sections 3479, 3480, and 3481, in that such conditions were and are

14 injurious to the health and safety, and offensive to the senses of Plaintiffs, and did and continue to

15 interfere substantially with Plaintiffs' comfortable use and enjoyment of the premises.

16    136.    Said nuisances have a deleterious effect on the public, while at the same time

17 causing injury particular to each Plaintiff, as set forth above.

18    137.    Defendants have intentionally, willfully, and/or recklessly failed and refused, and

19 continue to fail and refuse to abate the conditions creating the nuisances.

20

21    138.    As a proximate result of Defendants' actions and failure to act, Plaintiffs have

22 suffered and continue to suffer damages and emotional distress in an amount subject to proof at

23 trial.

24    139.    As Plaintiffs have no adequate remedy at law, Plaintiffs are, in addition to being

25 entitled to damages, entitled to an order compelling Defendants to abate and correct the

26 nuisances, and an injunction to restrain further illegal action by Defendants.

27

28    140.    Defendants did the acts alleged herein maliciously, fraudulently, and oppressively,

-24-

1   and/or with the wrongful intention of injuring Plaintiffs, and/or with an improper and evil motive

2   amounting to malice.  Plaintiffs are thus entitled to recover punitive damages from Defendants in

3   an amount according to proof.

4                        **THIRTEENTH CAUSE OF ACTION**

5                                Illegal Entry
                            Civil Code section 798.26
6        (By Plaintiffs Marie Antoinette Delgado, Martha Dubon, Fred Gonzalez, Corine Paredez
7              and Jennifer Turner Against Defendant Larry Wilson)

8        141.   Plaintiffs incorporate by reference each allegation contained above in paragraphs 1

9   through 82, as if fully set forth herein.

10       142.   As alleged herein, Defendant Larry Wilson entered the premises of Plaintiffs

11  without prior written consent of Plaintiffs in violation of Civil Code section 798.26.

12       143.   As a proximate result of Defendant Larry Wilson's actions, Plaintiffs have been

13  damaged in an amount subject to proof at trial.

14

15       144.   Defendant Larry Wilson did the acts alleged herein maliciously, fraudulently, and

16  oppressively, and/or with the wrongful intention of injuring Plaintiffs, and/or with an improper

17  and evil motive amounting to malice.  Plaintiffs are thus entitled to recover punitive damages in

18  an amount according to proof.

19                        **FOURTEENTH CAUSE OF ACTION**

20                          Interruption of Utility Service
                            Civil Code section 798.29.5
21       (By Plaintiffs Lydia Adams, Soledad Macias and Jennifer Turner
22                        Against All Defendants)

23       145.   Plaintiffs incorporate by reference each allegation contained above in paragraphs 1

24  through 82, as if fully set forth herein.

25       146.   Defendants have interrupted the utility services of their residents for more than

26  two hours for maintenance, repair, or replacement of facilities of utility systems over which

27  Defendants have control without providing Plaintiffs with the notice required under Civil Code

28                                     -25-

GRAY CARY WARE
& FREIDENRICH LLP   EM47126516.4
9999050-900129                                        COMPLAINT

1   section 798.29.5.

2       147.   As a proximate result of Defendants' actions, Plaintiffs have been damaged in an

3   amount subject to proof at trial.

4

5   **FIFTEENTH CAUSE OF ACTION**
Failure to Maintain Driveways

6   Civil Code section 798.37.5(c)
(By All Plaintiffs Against All Defendants)

7

8       148.   Plaintiffs incorporate by reference each allegation contained above in paragraphs 1

9   through 82, as if fully set forth herein.

10       149.   Defendants failed to maintain, repair, replace, pave and seal driveways on

11   Defendants' property as needed in violation of Civil Code section 798.37.5(c).

12       150.   Per Civil Code section 798.84, Defendant Larry Wilson had more than 30 days'

13   notice of Plaintiffs' intention to commence this action for his failure to maintain, repair, replace,

14   pave and seal the driveway.  Defendant Larry Wilson was notified of this failure by the California

15   Department of Housing and Community Development, as well as the Santa Clara County District

16   Attorney, more than 30 days prior to the filing of this action.

17

18       151.   As a proximate result of Defendants' actions, Plaintiffs have been damaged in an

19   amount subject to proof at trial.

20       152.   Defendants did the acts alleged herein maliciously, fraudulently, and oppressively,

21   and/or with the wrongful intention of injuring Plaintiffs, and/or with an improper and evil motive

22   amounting to malice.  Plaintiffs are thus entitled to recover punitive damages from Defendants in

23   an amount according to proof.

24

25   ///

26   ///

27   ///

28   ///

-26-

## SIXTEENTH CAUSE OF ACTION
### Failure to Maintain Common Facilities
### Civil Code section 798.87
### (By All Plaintiffs Against All Defendants)

153.   Plaintiffs incorporate by reference each allegation contained above in paragraphs 1 through 82, as if fully set forth herein.

154.   Defendants substantially failed to provide and maintain physical improvements in the common facilities in good working order and such failures are deemed a nuisance pursuant to Civil Code section 798.87.

155.   Per Civil Code section 798.84, Defendant Larry Wilson had more than 30 days' notice of Plaintiffs' intention to commence this action for his failure to provide and maintain physical improvements in the common facilities in good working order.  Defendant Larry Wilson was notified of this failure by the California Department of Housing and Community Development, as well as the Santa Clara County District Attorney, more than 30 days prior to the filing of this action.

156.   As a proximate result of Defendants' actions, Plaintiffs have been damaged in an amount subject to proof at trial.

157.   Defendants did the acts alleged herein maliciously, fraudulently, and oppressively, and/or with the wrongful intention of injuring Plaintiffs, and/or with an improper and evil motive amounting to malice.  Plaintiffs are thus entitled to recover punitive damages from Defendants in an amount according to proof.

## SEVENTEENTH CAUSE OF ACTION
### Failure to Post Ombudsman Sign
### Civil Code section 798.29
### (By All Plaintiffs Against All Defendants)

158.   Plaintiffs incorporate by reference each allegation contained above in paragraphs 1 through 82, as if fully set forth herein.

-27-

1    159.   Defendants failed to post a mobile home ombudsman sign as required by section

2    18253.5 of the Health and Safety Code and in violation of Civil Code section 798.29.

3    ## EIGHTEENTH CAUSE OF ACTION
     ### Unlawful Prohibition of Mobile Home Sale
     ### Civil Code section 798.71(b)

4

5    (By Plaintiff Sarah Bautista Against Defendants Wilson)

6    160.   Plaintiffs incorporate by reference each allegation contained above in paragraphs 1

7    through 82, as if fully set forth herein.

8    161.   Defendant Larry Wilson prohibited the donation or sale of Plaintiff Sarah

9

10   Bautista's manufactured home in violation of Civil Code section 798.71(b).

11   ## NINETEENTH CAUSE OF ACTION
     ### Conversion

12   (By Plaintiffs Lydia Adams, Caressa Dotson, Corine Paredez,

13   Lorrie Rios, Marie Santana Torres and Jennifer Turner Against All Defendants)

14   162.   Plaintiffs incorporate by reference each allegation contained above in paragraphs 1

15   through 82, as if fully set forth herein.

16   163.   At all times mentioned herein, Plaintiffs were, and still are, the owners, and were,

17   and still are, entitled to the possession of their personal property.

18   164.   Defendant Larry Wilson removed Plaintiffs' personal property from Plaintiffs'

19   possession and converted the same to his own use.

20   165.   Plaintiffs demanded the immediate return of their personal property but Defendant

21   Larry Wilson failed and refused, and continues to fail and refuse, to return the property to

22   Plaintiffs.

23

24   166.   As a proximate and legal result of Defendant Larry Wilson's conversion, Plaintiffs

25   have suffered damages including costs to retrieve the property in an amount according to proof.

26   167.   Defendant Larry Wilson did the acts alleged herein maliciously, fraudulently, and

27   oppressively, and/or with the wrongful intention of injuring Plaintiffs, and/or with an improper

28                                      -28-

FILE No.035 04/08 '03 08:50   ID:W. BROWN ASSOCIATES        FAX:9...170716                PAGE  33/ 40

1   and evil motive amounting to malice.  Plaintiffs are thus entitled to recover punitive damages in

2   an amount according to proof.

3

4                       **TWENTIETH CAUSE OF ACTION**

                  **Intentional Infliction of Emotional Distress**

5             (By All Plaintiffs Against Defendant Larry Wilson)

6         168.     Plaintiffs incorporate by reference each allegation contained above in paragraphs 1

7   through 82, as if fully set forth herein.

8         169.     Defendant Larry Wilson's actions as alleged herein were outrageous, intentional,

9   malicious and were calculated to cause Plaintiffs to suffer anxiety, severe and serious emotional

10   and physical distress and suffering.

11         170.     Defendant Larry Wilson's actions were intentional and in wanton and reckless

12   disregard of the consequences to Plaintiffs.  The other defendants knew or should have known of

13   Defendant Larry Wilson's actions, and yet acted with conscious disregard for the safety and rights

14   of others.

15

16         171.     As a proximate and legal cause of Defendant Larry Wilson's conduct, Plaintiffs

17   have suffered humiliation, mental anguish, and emotional distress, and the attendant physical

18   injuries and conditions, as described herein.

19         172.     The aforementioned acts of Defendant Larry Wilson were willful and malicious.

20   Plaintiffs are therefore entitled to punitive damages, in addition to compensatory damages, in an

21   amount according to proof.

22

23                     **TWENTY-FIRST CAUSE OF ACTION**

                  **Negligent Infliction of Emotional Distress**

24             (By All Plaintiffs Against Defendant Larry Wilson)

25         173.     Plaintiffs incorporate by reference each allegation contained above in paragraphs 1

26   through 82, as if fully set forth herein.

27         174.     Defendants knew, or should have known with the exercise of reasonable care, that

28

-29-

GRAY CARY WARE   EM\7126518.4

& FREIDENRICH LLP   9999050-900129                                                      COMPLAINT

1    the foregoing conduct would cause Plaintiffs to suffer severe emotional distress. Defendants owe

2    to Plaintiffs a duty of care not to engage in such conduct. Defendants breached that duty of care.

3         175.    As a proximate and legal cause of Defendant's negligent infliction of emotional

4    distress, Plaintiffs have suffered damages as alleged herein and are entitled to damages in an

5    amount according to proof.

6

7                          **TWENTY-SECOND CAUSE OF ACTION**
                                **Failure to Return Security Deposit**
8                                    **Civil Code section 1950.5**
                    (Corine Paredez and Marie Santana Torres Against All Defendants)
9

10        176.    Plaintiffs incorporate by reference each allegation contained above in paragraphs 1

11   through 82, as if fully set forth herein.

12        177.    Plaintiffs did not cause any damage to the subject premises during their tenancy

13   other than normal wear and tear.

14        178.    It has been more than twenty-one days since Plaintiffs vacated the premises.

15

16        179.    Defendants have not returned Plaintiffs' entire security deposits.

17        180.    Upon information and belief, Plaintiffs have been damaged in the amount of $600

18   to $800.

19                          **TWENTY-THIRD CAUSE OF ACTION**
                                        **Retaliation**
20                                   **Civil Code section 1942.5(c)**
              (By Plaintiffs John Aynes and Patsy Aynes, Corine Paredez, Amparo Robles, and
21                       Marie Santana Torres Against Defendant Larry Wilson)

22        181.    Plaintiffs incorporate by reference each allegation contained above in paragraphs 1

23   through 82, as if fully set forth herein.

24        182.    Defendants unlawfully decreased services to Plaintiffs John Aynes, Patsy Aynes,

25   and Amparo Robles for the purpose of retaliating against Plaintiffs' lawful and peaceable exercise

26   of Plaintiffs' rights under the law.

27

28        183.    Defendants unlawfully harassed and evicted Plaintiffs Corine Paredez and Marie

                                            -30-

1   Santana Torres for the purpose of retaliating against Plaintiffs' lawful and peaceful exercise of

2   Plaintiffs' rights under law.

3        184.   Defendants did the acts alleged herein fraudulently, oppressively, and maliciously.

4   Plaintiffs are thus entitled to recover punitive damages from Defendants in an amount according

5   

6   to proof.

7              **TWENTY-FOURTH CAUSE OF ACTION**
              **Illegal Rent Increases**

8   San Jose Municipal Code Chapter 17.22 (Mobilehome Rent Ordinance)
         (By Plaintiffs Lydia Adams, John Aynes, Patsy Aynes, Sarah Bautista,

9   Fred Gonzales, Soledad Macias, Lorrie Rios, Salvador Rios, Amparo Robles,

10              and Marie Santana Torres Against Defendant Larry Wilson)

11       185.   Plaintiffs incorporate by reference each allegation contained above in paragraphs 1

12  through 82, as if fully set forth herein.

13       186.   Defendants unlawfully demanded rent from Plaintiffs in excess of the amounts

14  specified in San Jose Municipal Code section 17.22.450, in violation of San Jose Municipal Code

15  

16  section 17.22.2020(C).

17       187.   Defendants unlawfully attempted to require, as a condition of tenancy at Hillview

18  Mobile Home Park, that Plaintiffs waive their rights under San Jose Municipal Code Chapter

19  17.22 (the Mobilehome Rent Ordinance) in violation of San Jose Municipal Code section

20  17.22.2000(A).

21             **TWENTY-FIFTH CAUSE OF ACTION**
              **Violation of the Right to Privacy**

22          California Constitution, Article I, section I
          (Plaintiffs Corine Paredez, Caressa Dotson, Lydia Adams, Marie

23  Antoinette Delgado, Martha DuBon, Fred Gonzales, Lorrie Rios, Salvador

24      Rios, and Jennifer Turner Against Defendant Larry Wilson)

25       188.   Plaintiffs incorporate by reference each allegation contained above in paragraphs 1

26  through 75, as if fully set forth herein.

27       189.   Defendants deprived Plaintiffs of their rights to privacy under the California

28
                                    -31-

1  Constitution, Article I, section I by interfering or attempting to interfere with their right to

2  associate with whomever they choose. Plaintiffs had a reasonable expectation of privacy in their

3  home, and the Defendants' conduct in prohibiting and harassing guests was a serious invasion of

4  their rights to privacy.

5

6       190.   As a legal result of Defendants' conduct, Plaintiffs suffered humiliation, mental

7  anguish, severe emotional distress and severe personal injury, including bodily injury such as

8  headaches, stomachaches, and loss of sleep, and other special and general damages according to

9  proof.

10

## PRAYER

11  Wherefore, Plaintiffs hereby respectfully request that this Court award Plaintiffs:

12

13  1.    Damages in an amount to be proven at trial;

14  2.    Punitive damages in an amount to be proven at trial;

15  3.    Recoverable costs incurred in this lawsuit including reasonable attorneys' fees;

16  4.    A preliminary and permanent injunction enjoining Defendants from continuing to

17  commit any unlawful and/or unfair acts and/or practices, including, but not limited to, the

18  following: any harassment of Plaintiffs and Hillview residents; failure to correct nuisances on the

19  premises; interference with Plaintiffs and Hillview residents' right to quiet enjoyment of the

20  leased property; and failure to maintain the premises in compliance with all applicable laws,

21  regulations, codes and ordinances.

22

23  5.    Prejudgment interest;

24  6.    Statutory damages and penalties; and

25  7.    Such other and further relief as this Court may deem just and proper.

26  ///

27  ///

28

-32-

EM7126516.4
9999060-900129

COMPLAINT



1   Respectfully submitted,

2   Dated: March ___ 2003

3

4                    PUBLIC INTEREST LAW FIRM

5                    By

6                       KYRA KAZANTZIS
                        JAMES ZAHRADKA

7                       FAIR HOUSING LAW PROJECT
                        KERSTIN ARUSHA
8                       TIFFANY KEAST

9                       GRAY CARY WARE & FREIDENRICH LLP
                        IAN N. FEINBERG
10                      AMANDA GROVES
                        DANIELLE VAN WERT
11                      Attorneys for Plaintiffs
                        LYDIA ADAMS, et al.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              -33-

RAY CARY WARE      BMV126516.4
& FREIDENRICH LLP  9999050-900129                              COMPLAINT